United States District Court
Southern District of Texas
**ENTERED**
August 20, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **Criminal Case No. 5:23-CR-01168-001** |
| | § | |
| **MICHAEL AVERY HOCHMAN** | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the July 28, 2025, Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Juan F. Alanis. (Dkt. No. 155). Judge Alanis made findings and conclusions following a July 3, 2025, taint hearing, (Dkt. No. 152), and recommended denying (1) Defendant's request to exclude five patient files, (2) Defendant's request to exclude Dr. Schild's expert testimony, and (3) Defendant's renewed request to dismiss the Indictment, (Dkt. No. 155 at 1, 16).

The Parties were given proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On August 11, 2025, Defendant filed two objections, objecting to all of the M&R. (Dkt. No. 159). First, he argues that the M&R "used a flawed analysis to recommend" that Dr. Schild's expert testimony should not be excluded based on the attenuation doctrine. (*Id.* at 4). He asserts that the Government failed to meet its burden at the Taint Hearing, (*id.* at 4–6); that the M&R mischaracterized the Government's conduct as "negligent," (*id.* at 6–8); that it failed to consider the extent to which the tainted evidence influenced Dr. Schild's opinions, (*id.* at 8–10); and that it overlooked key evidence, (*id.* at 10–17). Next, Defendant objects to the M&R's recommendation that the Indictment should not be dismissed. (*Id.* at 17–18). He asserts

that "Dr. Schild's tainted opinions provided the core medical necessity theory for the fraud allegations in the Indictment—and the Government relied on his initial opinions in crafting the Indictment, so it too was not 'cured' by the attenuation doctrine." (*Id.* at 4).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo all portions of the M&R to which objections were made. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. Accordingly, it is **ORDERED** that:

(1) Magistrate Judge Alanis's M&R, (Dkt. No. 155), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court;

(2) Defendant's request to exclude five patient files is **DENIED**;

(3) Defendant's request to exclude Dr. Schild's expert testimony is **DENIED**; and

(4) Defendant's renewed request to dismiss the Indictment is **DENIED**.

It is SO ORDERED.

Signed on August 20, 2025.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**